UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24096-GAYLES

Ned L. Rosenbloom,

        Plaintiff,

v.

Board of Election Voting,

        Defendant.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Ned B. Rosenbloom, appearing pro se, filed this action on October 3, 2019. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court must also apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff's Complaint fails to satisfy the requirements of the Federal Rules of Civil Procedure. *See Alban v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules.") (internal citation and quotation omitted). Specifically, Plaintiff's Complaint does not comply with Rule 8(a), which requires "short and plain statement[s]" of the grounds for jurisdiction, the facts showing that Plaintiff is entitled to relief, and what relief is sought. Fed. R. Civ. P. 8(a). Plaintiff's Complaint simply states that he is suing the Board of Election Voting—an entity that does not exist—because "prim[ar]y elections should be all states on same date" and the "Electoral College should be eliminated." This claim cannot proceed without a viable defendant, a statement of jurisdiction, facts alleging a plausible injury, and a demand for relief.

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii). This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of October, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE